# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JILLIAN SOYOUN KIM<br><br>Plaintiff,<br><br>vs.<br><br>FNS, INC., and LG ELECTRONICS USA, INC.,<br><br>Defendants. | Case No.<br><br>COMPLAINT –DISCRIMINATION BASED ON SEX AND NATIONAL ORIGIN<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, JILLIAN SOYOUN KIM ("Plaintiff" or "Ms. Kim"), by her attorneys, LEE & BREEN, LLC, for her Complaint against Defendants FNS, INC. ("FNS") and LG ELECTRONICS USA, INC. ("LG") (collectively "Defendants") states as follows:

### Introduction

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq. as amended ("Title VII") to remedy acts of employment discrimination based on sex and national origin perpetrated against her by Defendants and for retaliation against Plaintiff for asserting her claims against Defendants.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended.

1

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 42 U.S.C. Section 2000e-5(f) as Plaintiff was employed by Defendants in Will County, Illinois and the unlawful employment practices alleged in this complaint took place within the Northern District of Illinois.

## PARTIES

4. Plaintiff, JILLIAN SOYOUN KIM, is a female citizen of Korean ancestry or national origin residing in Naperville, Illinois in the United States who was employed by Defendants FNS and LG, both located at the same address in Bolingbrook, Illinois. At all relevant times, Ms. Kim met the definition of an "employee" under all applicable statutes.

5. Defendant, FNS, is an "employer" engaged in an "industry affecting commerce who has fifteen or more employees" as defined under Section 2000e of Title VII. As an employer engaged in commerce, Defendant is subject to the requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq. as amended.

6. Defendant FNS, at the time of the events described herein, was located at 1251 115th St. Suite A, Bolingbrook, Illinois 60490, and had, upon information and belief, more than 400 employees in the United States and approximately 70 employees in the State of Illinois, and was qualified to do business and was actually doing business in the State of Illinois. FNS's conduct on which Plaintiff's claims are based occurred in the State of Illinois.

7. Defendant, LG, is an "employer" engaged in an "industry affecting commerce who has fifteen or more employees" as defined under Section 2000e of Title VII. As an employer engaged in commerce, Defendant is subject to the requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq. as amended.

8. Defendant LG, at the time of the events described herein, was located at 1251 115th St. Suite A, Bolingbrook, Illinois 60490, and had, upon information and belief, more than 1,000 employees

in the United States and approximately 100 employees in the State of Illinois, and was qualified to do business and actually doing business in the state of Illinois. LG's conduct of which Plaintiff's claims are based occurred in the state of Illinois.

9. Both FNS and LG managed the operation and employees at the Bolingbrook location on a daily basis. The Bolingbrook location packaged LG mobile telephones that were distributed to the market. FNS and LG are "sister" companies in that they both belong to a conglomerate of inter-related family-owned businesses under the LG brand.

10. Plaintiff was supervised and reported to various FNS and LG employees and both FNS and LG exercised significant control over Plaintiff such that Defendants qualify as "joint employers" of Plaintiff under Title VII.

## PROCEDURAL REQUIREMENTS

11. On or about March 5, 2021, Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR") charging Defendant FNS with employment discrimination based on sex and national origin. This charge was also filed with the Equal Employment Opportunity Commission ("EEOC") having concurrent jurisdiction of the Charge. A true and correct copy of Charge No. 2021 CF 1236 is attached hereto as Exhibit A.

12. On or about March 9, 2021, Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR") charging Defendant LG with employment discrimination based on sex and national origin. This charge was also filed with the Equal Employment Opportunity Commission ("EEOC") having concurrent jurisdiction of the Charge. A true and correct copy of Charge No. 2021 CF 1237 is attached hereto as Exhibit B.

13. On October 19, 2021, the EEOC issued a Notice of Right to Sue ("LG Notice") with respect to Plaintiff's Charge against LG assigned as EEOC number 21B-2021-00550 in which Plaintiff was

provided with the option of filing a civil action within ninety days of dismissal. A true and correct copy of the LG Notice is attached as Exhibit C.

14. On November 4, 2021, the EEOC issued a Notice of Right to Sue ("FNS Notice") with respect to Plaintiff's Charge against FNS assigned as EEOC number 21B-2021-00549 in which Plaintiff was provided with the option of filing a civil action within ninety days of dismissal. A true and correct copy of the FNS Notice is attached as Exhibit D.

15. This action has been filed within 90 days of Plaintiff's receipt of the LG Notice and the FNS Notice.

16. Plaintiff has now exhausted all administrative remedies and satisfied all conditions precedent required by Title VII.

## STATEMENT OF FACTS

17. Plaintiff, a female of Korean ancestry or national origin, is a member of a protected class.

18. Plaintiff was employed by FNS as a full-time branch manager for the period beginning in November, 2018 through June 1, 2021.

19. At all times during the period of employment, Plaintiff acted consistent with her role as branch manager.

20. During this period Brian Kim of FNS was Plaintiff's direct Supervisor, but she was also subjected to management by Kyung Chul Park of FNS, Brian Kim's supervisor, as well as by Kyung Soo Ko, Tae Hyun Ju, Hyun Ju Kim, Young-Ki Min and Dong Won Lee, all of LG.

21. There are virtually no women of Korean ancestry or national origin in management positions at either FNS or LG, even though they have comparable education, language skills, and background to the males of Korean ancestry or national origin in management positions.

22. Because she is a Korean woman, the male Korean management expected that Plaintiff would be subservient and docile, never questioning their management or behavior.

23. This has been the system of Korea, Korean companies, Korean entities and Korean culture for at least 600 years, which might be acceptable and legal in Korea, but not in the United States.

24. Almost all management employees of FNS or LG are men of Korean ancestry or national origin.

## COUNT I
## DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED ON
## SEX AND NATIONAL ORIGIN/ANCESTRY IN VIOLATION OF TITLE VII

25. Paragraphs 1 through 24 are hereby incorporated by reference as though fully set forth in this claim.

26. Plaintiff is a member of a protected group based on her sex and national origin (Korean).

27. Defendants discriminated against Plaintiff on the basis of her sex and national origin by denying her the same terms and conditions of employment available to Korean men.

28. FNS and LG subjected Plaintiff to systematically disparate treatment in terms of compensation and benefits, as well as working conditions and environment, that was qualitatively and quantitatively different to that received by men of Korean ancestry or national origin who were similarly situated to Plaintiff.

29. During the period of her employment, Plaintiff was denied equal compensation and benefits given to Korean men in positions similar to Plaintiff's.

30. For example, both when Plaintiff was a planning team manager and a branch manager, she did not receive the same salary as Korean men in those same positions. Further, Plaintiff learned in June of 2020 that other branch managers, including her predecessor, received bonuses and other financial

5

benefits like cell phone reimbursement that she had not received during her employment as branch manager.

31. During the period of her employment, Plaintiff was subjected to a hostile work environment with berating, shouting, harassing, and undermining her job and authority by male Korean management, to which no employee that was not a Korean woman was subjected.

32. For example, Plaintiff reported to Kyung Soo Ko that the ventilation in the building was poor and needed to be addressed. Plaintiff included a human resources representative in the report. Kyung Soo Ko berated Plaintiff for raising the issue and for including the HR representative in the report. Kyung Soo Ko threated Plaintiff against speaking again about the issue. Plaintiff reported the incident to upper management, but nothing was done about Kyung Soo Ko's behavior.

33. Plaintiff's employees often reported to her that they worried about her health in light of the treatment she received and suggested that she have someone with her anytime Kyung Soo Ko wanted to talk to her.

34. Plaintiff complained to both FNS and LG management, but other than trying to talk Plaintiff into being silent, they did nothing.

35. Although there are few non-Korean men or non-Korean women in management positions at FNS or LG, Plaintiff believes that non-Korean men and non-Korean women would not have been subject to the treatment she received by the male Korean management employees.

36. Defendants' systematic disparate treatment and hostile work environment that Plaintiff was subjected to was knowing, intentional and willful on the part of Defendants' male Korean management, and not a mistake or an inadvertent error. It was systematic subjugation.

37. Plaintiff could no longer take the disparate treatment and hostile environment and, upon the suggestion of a human resources representative, sought out the care of health care specialists who

advised her against returning to the same environment, as it would be dangerous to her. Plaintiff has been under psychological treatment ever since.

38. Plaintiff found the Defendants' disparate treatment of her and the hostile environment degrading, humiliating and demoralizing.

39. Plaintiff was subject to severe, pervasive, systematic and disparate treatment by her direct supervisors and other managers, all of whom were men of Korean ancestry or national origin.

40. As a direct and proximate result of Defendants' disparate treatment and hostile work environment, Plaintiff sustained financial losses, including but not limited to lost compensation, employment benefits, her position, and emotional and psychological harm.

41. As a direct and proximate result of the disparate treatment and hostile work environment perpetrated by FNS and LG and their male Korean management, Plaintiff sustained mental anguish, severe emotional distress, pain and suffering, humiliation, and stress for which she is entitled to recover from FNS and LG.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

42. Paragraphs 1 through 41 are hereby incorporated by reference as though fully set forth in this claim.

43. Defendants have engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

44. Because Plaintiff could not return to work due to the discrimination and harassment, she took medical leave, but Defendants refused to pay her, even though male Korean employees who went on medical leave were paid.

45. Because Plaintiff could not return to work because of the disparate treatment and hostile work environment, Plaintiff's counsel advised FNS that Plaintiff would pursue her rights with the EEOC.

7

46. In response, the CEO of FNS telephoned Plaintiff and told her that he wanted to send her to a different branch, however, Plaintiff could not do her job at that branch.

47. After Plaintiff filed with the EEOC, FNS stopped paying the premium for Plaintiff's medical insurance even though the premiums for all other employees were still being paid. After Plaintiff raised questions with the insurance company, FNS paid the premiums.

48. After Plaintiff filed her charge with the EEOC, instead of fixing the hostile environment, Defendants sought to punish the victim.

49. As a proximate result of this retaliation, Plaintiff has lost her job and has suffered emotional harm to the point of requiring continuing psychological treatment.

50. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JILLIAN SOYOUN KIM, respectfully prays for this Court to award the following relief:

(a) Enter judgment in favor of Plaintiff and against Defendants for discrimination, and harassment on the basis of sex and national origin, and retaliation in violation of Federal law;

(b) Award Plaintiff compensatory damages to be determined at trial for back pay, front pay, unpaid bonus, and interest thereon;

(c) Award Plaintiff compensatory damages to be determined at trial for the emotional stress, pain, and suffering caused as a direct and proximate result of the willful and malicious intentional discrimination;

(d) Award Plaintiff punitive damages;

(e) Award Plaintiff reasonable attorneys' fees and costs; and

(f) Award Plaintiff any further relief deemed just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

DATED: January 14, 2022

          Respectfully submitted,

          JILLIAN SOYOUN KIM

          By: */s/ John Y. Lee*
               One of her attorneys

John Y. Lee
Lisa C. Breen
Lee & Breen, LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
(312) 241-1420
jlee@leebreenlaw.com